# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CANETHA JOHNSON,**

    **Petitioner,**

v.                                      CASE NO. 8:15-cv-1958-T-27AEP
                                          CRIM. CASE NO. 8:13-cr-187-T-27AEP

**UNITED STATES OF AMERICA,**

    **Respondent.**

_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (cv Dkt. 1), which the Government opposes (cv Dkt. 16). Upon consideration, the motion is DENIED.

### Procedural Background

Petitioner was convicted after a jury trial of conspiracy to possess with intent distribute 500 grams or more of methamphetamine, and possession with intent to distribute 500 grams or more of methamphetamine (cr Dkt. 186). She was sentenced to concurrent terms of 168 months, followed by 5 years of supervised release (cr Dkt. 220). Her convictions were affirmed (cr Dkt. 281).

Petitioner's Section 2255 motion (cv Dkt. 1) raises four grounds:

**Ground One:**

Ineffective assistance of counsel failure to investigate facts around the case (trial attorney);

**Ground Two:**

Ineffective assistance of counsel failure to listen to my version; attorney did not have faith in me, lack of communication;

**Ground Three:**

Ineffective assistance of counsel, attorney did not allow me to testify at trial; and

**Ground Four:**

Ineffective assistance of counsel - appellate attorney abandonment.

### Standard of Review for Ineffective Assistance of Counsel Claims

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

Petitioner must demonstrate both deficient performance and resulting prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds.").

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of the conduct. *Id. Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally

competent assistance." *Id.* And where, as here, the performance of an experienced trial counsel is examined, the presumption that his conduct was reasonable is even stronger. *Chandler v. United States*, 218 F.3d 1305, 1316 (11th Cir. 2000). As has been explained:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial.... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir.1992).

And because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Petitioner must demonstrate that counsel's error prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 691-92. To meet this burden, Petitioner must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694-95. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The standard is the same in the context of a claim of ineffective assistance of appellate counsel. *Duest v. Singletary*, 967 F.2d 472, 477 n.4 (11th Cir. 1992).

### Discussion

**Ground One**

In Ground One, Petitioner alleges that she "[g]ave attorney information of my intentions and involventment [sic] surronding [sic] the case. Gave him the name of a witness that could verify. Attorney did [not] follow through or investigate." (cv Dkt. 1, p. 5).

This claim is wholly conclusory, since Petitioner does not (1) explain what her "involvement"

3

was in the case, (2) identify the witness and the testimony which would have been provided, or (3) indicate how counsel failed to adequately investigate her case. Bare, conclusory allegations of ineffective assistance of counsel are insufficient to satisfy the *Strickland* test. *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (quotation omitted).

Notwithstanding the conclusory nature of this claim, Petitioner has not demonstrated that counsel's performance was deficient or that any deficient performance prejudiced her. Attorney Mayberry's affidavit shows that he extensively investigated the case (see cv Dkt. 16-3). He spent nearly 95 hours investigating the case, and hired a private investigator (Id., p. 2, ¶ 7). They investigated evidence that might support Petitioner's claim that she came to Florida not to deliver drugs, but for a Spring break vacation (Id.). Mayberry located and interviewed Petitioner's witness, Tyrone Muldrow (the father of Petitioner's child). Muldrow did not know Petitioner was traveling to Florida, knew nothing about her claim that he was going to drive her back to California, and was a convicted felon (Id.). Mayberry explains that because of these considerations, "I did not feel that his testimony would be compelling to a jury and for that reason elected not to call him as a witness."

Mayberry's decision of whether to call Muldrow as a witness was "quintessential trial strategy." *See Ball v. United States,* 271 F. App'x 880, 884 (11th Cir. 2008); *Blanco v. Singletary*, 943 F.2d 1477, 1495 (11th Cir.1991) ("The decision as to which witnesses to call is an aspect of trial tactics that is normally entrusted to counsel."). Petitioner has failed to show that Mayberry's decision not to call Muldrow was unreasonable. His reasons for not calling Muldrow were not objectively unreasonable, and his decision will not be second guessed.[1] Accordingly, Petitioner fails to

---

[1] An evidentiary inquiry is not necessary, since Petitioner does not rebut Mayberry's explanation for not calling Muldrow.

4

demonstrate deficient performance. Moreover, she fails to demonstrate resulting prejudice, since she makes no showing that any additional investigation would have changed the outcome of her trial. Ground One therefore does not warrant relief.

**Ground Two**

In Ground Two, Petitioner contends that Mayberry did not listen to her version of the events, and failed to communicate with her. Like the contention in Ground One, this contention is vague, conclusory, and self-serving. As discussed in Ground One, it appears that Petitioner's version was that she traveled to for Spring break, and was traveling to Florida to party. Petitioner's conclusory allegations that Mayberry failed to communicate with her are refuted by his affidavit.

Mayberry's affidavit confirms that he was well aware of her version of the events, and her claim that "the purpose of the her trip was to come to Florida for spring break and that she brought lingerie and sex toys to participate in adult parties." (Cv Dkt. 16-2, 4 7). He avers that he had 21 conferences with her, and that "her version of the case was listened to, reviewed, and ultimately used as a defense in trial . . ." (Cv Dkt. 16-3, ¶¶ 7 - 9). And she never complained to him about a lack of communication. *Id.* at ¶ 9.

There is no absolute duty exists to investigate particular facts or a certain line of defense, and under *Strickland*, Mayberry's strategic trial decisions need only be reasonable to fall within the wide range of competent assistance. *Chandler,* 218 F.3d at 1317. And his reliance on a particular line of defense to the exclusion of others, "whether or not he investigated those other defenses," is a "matter of strategy and is not ineffective unless Petitioner can prove the chosen course, in itself, was unreasonable." *Id.* at 1318.

In sum, Petitioner fails to offer any supporting facts to support her contention that Mayberry

5

failed to communicate with her or that his trial strategy was unreasonable. He was aware of her version of the events, and used that version to defend her. His election to defend her in the manner in which he did, considering the facts, was a matter of trial strategy, which will not be second guessed. (See cv Dkt. 16-3, ¶¶ 4, 7, 8). Accordingly, Ground Two does not warrant relief.

**Ground Three**

Petitioner contends that she wanted to testify, but that Mayberry "did not allow" her to. In his affidavit, Mayberry avers that he suggested to Petitioner that she not testify, because he was concerned that she would expose herself to an obstruction of justice sentencing enhancement, and that her cross examination during the suppression hearing "did not go well." (cv Dkt. 16-3, p. 4, ¶ 10).

A defendant has a constitutional right to testify at trial which cannot be waived by defense counsel. *Hester v. United States*, 335 Fed. Appx. 949, 951 (11th Cir. 2009); *United States v. Teague*, 953 F.2d 1525, 1532 (11th Cir.), *cert. denied*, 506 U.S. 842 (1992). The decision whether or not to testify cannot be exercised by counsel. *Teague*, 953 F.2d at 1533. To be effective in this context, counsel must advise a defendant of his right to testify or not testify, the strategic implications of each choice, and that it is ultimately for the defendant himself to decide whether to testify. *McGriff v. Department of Corrections*, 338 F.3d 1231, 1237 (11th Cir. 2003). Counsel is strongly presumed to have been competent, and the defendant's burden of persuasion, although not insurmountable, is a "heavy one." *Chandler v. United States*, 218 F.3d 1305, 1314-16 (11th Cir. 2000).

During trial, a side-bar *in camera* hearing was conducted during which Petitioner was advised that "you have the right to testify, and you have the right not to testify, but it's your decision." (cv Dkt. 15, p. 262, lines 12-14). Petitioner confirmed that she understood (Id., line 15). She was

6

advised that her lawyer could give "his best advice," but it was "ultimately [her] decision." (Id., lines 16-18). She again confirmed that she understood (Id., line 19). She had no questions about her decision, and confirmed that it was her decision not to testify (Id., p. 263, lines 1-5).

The record demonstrates that Petitioner understood that she had the right to testify, and that the decision to testify was hers, not her lawyer's. She expressly confirmed that it was her decision not to testify. The record therefore demonstrates that she waived the right to testify. Her conclusory allegation that Mayberry "did not allow" her to testify is "affirmatively contradicted by the record." *See Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no evidentiary hearing required where allegation affirmatively contradicted by record).

As to Ground Three, Petitioner fails to show deficient performance by counsel, or resulting prejudice. Accordingly, Ground Three does not warrant relief.

**Ground Four**

Petitioner contends that counsel "abandoned" her on appeal by failing to (1) communicate with her, (2) provide her with a copy of the appellate brief and other documents, and (3) inform her that the Eleventh Circuit affirmed her convictions.

In his affidavit, Mayberry avers that he met with Petitioner on December 18, 2013 to discuss her appeal (cv Dkt. 16-3, p. 5, ¶ 11). During that meeting, Mayberry suggested appealing the denial of Petitioner's motions for judgment of acquittal (Id.). He also discussed with Petitioner whether she wanted new counsel to handle her appeal, and she indicated that she wanted a different lawyer (Id.). Mayberry stated that he would file a motion to withdraw, and told Petitioner that if the motion was denied, she or a family member should contact him when she arrived at her prison facility, and

she should set up an e-mail account through Corrlinks to communicate with him (Id.).[2]

Mayberry filed a notice of appeal, and the motion to withdraw was denied (Id.). He never heard from Petitioner during the course of the appeal, and does not recall corresponding with her by mail, although he did speak to her mother (Id.). He acknowledges that he did not provide a copy of the appellate brief to Petitioner because it was his understanding that a copy of the brief would be provided to her by Counsel Press,[3] and did not provide a copy of the Eleventh Circuit's opinion to her because it was his understanding that the Eleventh Circuit would provide a copy to her (Id.). He explains that he did not file a petition for writ of certiorari following the Eleventh Circuit's decision because he did not believe there was a good faith basis to do so (Id.).

Ground Four does not warrant relief because, even assuming deficient performance, Petitioner fails to demonstrate prejudice. To establish prejudice a petitioner must show that "but for counsel's deficient performance he would have prevailed on appeal." *Shere v. Sec'y, Florida Dep't of Corr.*, 537 F.3d 1304, 1310 (11th Cir. 2008) (citing *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) and *Strickland*).

Petitioner does not allege, let alone demonstrate, that but for Mayberry's lack of communication and failure to provide her with the appellate brief and Eleventh Circuit's decision, she would have been successful on appeal.[4] And his failure to communicate with her and provide her with the brief and decision does not, in and of itself, establish prejudice. *See, e.g., United States*

---

[2]CorrLinks is "a federal correctional email system[.]" *See Perez v. United States*, 2017 U.S. Dist. LEXIS 36369, at *16 (S.D. Fla. Mar. 13, 2017).

[3]Counsel Press appears to be a company that provides appellate services to attorneys. See http://www.counselpress.com.

[4]Petitioner does not identify any claim that Mayberry should have included in the appellate brief.

8

*v. Patrick*, 2017 U.S. Dist. LEXIS 120914, at *22-23 (N.D. Fla. July 18, 2017) ("The described 'failure' [of appellate counsel] to communicate [with petitioner during the appellate process] does not alone give rise to a constitutional violation."); *Villot v. Varner*, 465 F. Supp.2d 439, 447 (E.D. Pa. 2006) (denying ineffective assistance claim alleging failure to communicate, where petitioner showed neither that counsel's level of communication fell below objective level of reasonableness nor any resulting prejudice). Accordingly, Ground Four is denied.

**Petitioner's reply**

In her reply, Petitioner contends that Mayberry was ineffective in failing to inform her of her right to petition the Supreme Court for a writ of certiorari (cv Dkt. 20). This claim is waived, since she raised it for the first time in her reply. *See Oliveiri v. United States*, 717 F. App'x 966, 967 (11th Cir. 2018) (concluding that petitioner waived ineffective assistance of counsel claim that was not raised in Section 2255 motion, but rather raised for the first time in reply to government's response). And even if the claim is not waived, it would fail on the merits.

Petitioner did not have a constitutional right to the assistance of counsel in seeking discretionary review in the Supreme Court. *Ross v. Moffitt*, 417 U.S. 600, 616-17 (1974). Moreover, "[n]umerous courts have. . .held that appellate counsel does not render ineffective assistance by failing to notify their client of how or when to seek. . .certiorari review." *Wilbur v. United States*, 2015 U.S. Dist. LEXIS 152289, at *50 (M.D. Fla. Nov. 10, 2015) (citing cases). Accordingly, relief under § 2255 is not available.

Notwithstanding, relief may be available based on Mayberry's failure to comply with the Eleventh Circuit's Criminal Justice Act (CJA) plan.

Eleventh Cir. R., Addendum Four (f)(5), provides, in pertinent part:

> If the decision of this court is adverse to the client, *counsel shall inform the client of the right to* file a petition for rehearing or petition for rehearing en banc in this court, or to *petition the Supreme Court of the United States for a writ of certiorari.* (emphasis added).

Notwithstanding the holding in *Ross v. Moffitt* that there is no constitutional right to counsel incident to certiorari proceedings, where a curt appointed attorney, in violation of a Circuit's CJA plan, either fails to file a timely certiorari petition after being asked to do so by the client or fails to inform the client of the right to petition for a writ of certiorari, virtually all Circuits have afforded relief consistent with *Wilkins v. United States*, 441 U.S. 468 (1979), independent of any analysis of counsel's conduct under *Strickland*. Relief is afforded by recalling the mandate or vacating judgment. *Nnebe v. United States*, 534 F.3d 87 (2d Cir. 2008) (construing appeal as motion to recall appellate mandate pursuant to *Wilkins*); *Lacaze v. United States*, 457 F.2d 1075 (5th Cir.), *cert. denied*, 409 U.S. 921 (1972); *United States v. Howell*, 37 F.3d 1207, 1210 (7th Cir. 1994) (recalling mandate); *Pressley v. Wainwright*, 493 F.2d 894, 895 (5th Cir. 1974); *United States v. James*, 990 F.2d 804, 805 (5th Cir. 1993) (vacating and reinstating judgment); *see also Schreiner v. United States*, 404 U.S. 67 (1971) (remedy provided as result of CJA counsel's failure to file timely certiorari petition after request by client was vacating judgment of Court of Appeals and remanding for re-entry of judgment); *Doherty v. United States*, 404 U.S. 28 (1971); *Terrell v. United States*, 419 U.S. 813 (1974).

Although relief could be appropriate, relief at the district court level is not available. Under § 2255, a district court has authority to vacate only its own judgment. Even if Petitioner's reply is construed as a motion to recall the Eleventh Circuit's mandate, as in *Nnebe*, this court would have no authority to grant relief. Relief under these circumstance, for non-constitutional deficient

10

performance, is only available in the Eleventh Circuit. *See Lacaze*, 457 F.2d at 1082. Accordingly, Petitioner's claim will be denied without prejudice to her seeking relief in the Eleventh Circuit to recall the mandate affirming her judgment and sentence.

**Petitioner's supplements**

Petitioner filed two "supplements" to her Section 2255 motion. In the first supplement (cv Dkt. 18), she moves to vacate her sentence based on *Johnson v. United States*, 135 S. Ct. 2551, (2015), which held that the "residual clause" of the Armed Career Criminal Act (ACCA), see 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional. Her claim has no merit, however, since she was not sentenced under the ACCA (see PSR; cr Dkt. 241).

In the second supplement (cv Dkt. 21), she contends that she is entitled to a sentence reduction under Amendment 794 to the United States Sentencing Guidelines, effective November 1, 2015, and which "clarified the factors to consider for a minor-role adjustment[.]" *United States v. Casas*, 632 Fed. Appx. 1003, 1004 (11th Cir. 2015). The claim is not cognizable in this action.

Amendment 794 is a clarifying amendment. *United States v. Cruickshank*, 2016 U.S. App. LEXIS 17169, at *21-22 (11th Cir. Sept. 20, 2016).[5] Although clarifying amendments may be applied retroactively, *see United States v. Maldonado*, 180 Fed. Appx. 115, 116 (11th Cir. 2006) (citation omitted), this claim is not cognizable on a § 2255 motion absent a complete miscarriage of justice. *See Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998) ("We thus hold that a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of

---

[5] A clarifying amendment does not change the substance of the Guidelines. Rather, it merely clarifies the meaning of the Guidelines. *See United States v. Martinez*, 338 Fed. Appx. 846, 847 (11th Cir. 2009) ("Clarifying amendments are intended to clarify the meaning of a particular Guidelines section, and they generally do not effect a substantive change in the Guidelines.").

justice."). A complete miscarriage of justice occurs when a defendant is actually innocent, a prior conviction used to enhance her sentence has been vacated, or where her sentence is "unlawful," as when the sentence exceeds the statutory maximum. *Spencer v. United States*, 773 F.3d 1132, 1138-40 (11th Cir. 2014) (*en banc*).

Petitioner has not alleged or shown that she is actually innocent of the crimes for which she was convicted, that a prior conviction used to enhance her sentence has been vacated, or that her sentence exceeds the statutory maximum. And she had the opportunity to challenge the denial of a minor role adjustment on direct appeal. Therefore, "[c]onsidering all of the circumstances, [the court] cannot say that the alleged mis-application of the sentencing guidelines in this case was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief." *Burke*, 152 F.3d at 1332 (citation omitted).

In sum, Petitioner has not shown that Mayberry's performance was deficient. Moreover, there is not even a colorable claim that Petitioner was prejudiced by Mayberry's performance, even accepting her contentions as true. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (cv Dkt. 1) is **DENIED**. The Clerk shall enter judgment against Petitioner and close this case.

### Evidentiary Hearing

An evidentiary hearing is not warranted in this case because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that [Petitioner] is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

The court is mindful that it must conduct an evidentiary hearing when a petitioner alleges

facts which, if true, would entitle her to relief. 28 U.S.C. § 2255(b). But she must allege "reasonably specific, non-conclusory facts that, if true, would entitle [her] to relief to trigger the necessity of an evidentiary hearing." *See Scott v. United States*, 325 Fed.Appx. 822, 824 (11th Cir. 2009). Where, as here, the allegations involve hindsight criticism or disagreement with counsel's trial strategy, constitute unsupported conclusions, or are affirmatively belied or contradicted by the record, an evidentiary hearing is not required. *Id*, citing *Aron v. United States*, 291 F.3d 708, 714–15 (11th Cir. 2002).

## Certificate of Appealability Denied

Petitioner must obtain a certificate of appealability to appeal the denial of her § 2255 motion. 28 U.S.C. § 2253(c)(1). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). Petitioner 'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). She cannot make the required showing and is therefore not entitled to a certificate of appealability or to appeal *in forma pauperis*.

**DONE AND ORDERED** on June 19th, 2018.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record; Petitioner *pro se*